IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:12-cr-20335-STA |
| ) | |
| ALEZUNDRE WEST, ) | |
| ) | |
| Defendant. ) | |

## ORDER TRANSFERRING SUCCESSIVE HABEAS PETITION TO UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

On July 23, 2019, Defendant Alezundre West filed a *pro se* motion styled as a "2255/Rule 3231 Motion for Immediate Dismissal of Prosecution Based on the District Court's Lack of Jurisdiction to Enforce a Judgment Against Petitioner as Petitioner Has Not Been Charged Nor Convicted of a Crime Against the United States Based on the Plain Language of the Statutory Text of 18 U.S.C. [sic] 922(g)(1) Recently Interpreted by United States Supreme Court in *Rehaif v. United States*, 588 U.S. [sic] (2019)." The Court lacks authority to consider the Motion. On March 31, 2019, United States District Judge Jon P. McCalla entered judgment on West's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 in civil case no. 2:15-cv-02056-JPM-cgc. The Court's judgment is currently on appeal.

The Court construes West's Motion in this case as a second or successive motion for relief under section 2255. Under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention

has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). A petitioner bringing a second, successive motion under § 2255 must first make a motion under 28 U.S.C. § 2244(b)(3) in the Court of Appeals "for an order authorizing the district court to consider the application." § 2244(b)(3). Under § 2255(h), a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h).

The Court has already determined the legality of West's sentence in case no. 15-cv-02056-JPM-cgc, where West first sought relief under § 2255. As such, West's § 2255 Motion filed on July 23, 2019, is a second or successive petition. However, West has not shown that he made a motion for § 2244(b)(3) authorization with the Sixth Circuit prior to filing his second § 2255 Motion with this Court. "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam). Under the circumstances, the Court must transfer West's second petition to the Sixth Circuit. The Petition is therefore **TRANSFERRED** to the Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: July 31, 2019.